IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| JOSÉ LUIS GONZÁLEZ-GIERBOLINI AND ESTEFANÍA SÁNCHEZ-GARCÍA<br><br>Plaintiffs<br><br>vs.<br><br>DR. CARLOS E. CÓRDOVA-ITURREGUI, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP FORMED BETWEEN THEM; GRUPO DENTAL CÓRDOVA, C.S.P.; COMPANIES A AND B; JOHN DOE and RICHARD ROE<br><br>Defendants | * * * * * * * * * * * * * * * * * | CIVIL NUM:<br><br>PLAINTIFFS REQUEST JURY TRIAL |

## C O M P L A I N T

TO THE HONORABLE COURT:

COME NOW plaintiffs through the undersigned legal representation and most respectfully state, request and pray:

JURISDICTIONAL ALLEGATIONS

1. Jurisdiction exists pursuant to the diversity of citizenship statute, 28 USC sec. 1332, in that plaintiffs are citizens of the State of Florida; defendant, Dr. Carlos E. Córdova-Iturregui is a citizen of the Commonwealth of Puerto Rico; defendant, Grupo Dental Córdova, C.S.P., is a professional services corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business in the Commonwealth of Puerto Rico; defendants, Companies A and B are insurance companies organized and existing under the laws of the Commonwealth of Puerto Rico or a State other than Florida, with its principal place of business in the Commonwealth of Puerto

Rico or a state other than Florida; and defendants Jonh Doe and Richard Doe are natural persons and/or corporations and/or legal entities organized and existing under the laws of a State other than Florida, with their residence and/or principal place of business in a State other than Florida; and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

2. Venue of this action lies properly in this Honorable Court pursuant to 28 USC sec. 1391.

3. Plaintiffs hereby demand jury trial.

## THE PARTIES

4. Plaintiffs, José Luis González-Gierbolini and Estefanía Sánchez-García, are of legal age, spouses and permanent residents of Gainesville, Florida.

5. Co-defendant, Dr. Carlos E. Córdova-Iturregui (hereinafter referred to as "Dr. Córdova"), is a dentist authorized to practice in Puerto Rico with offices in Bayamón, Puerto Rico, and for all purposes of this action is the legal representative of the conjugal partnership constituted between him and his wife, co-defendant Jane Doe.

6. Co-defendant, Grupo Dental Córdova, C.S.P., is a professional services corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business in Bayamón, Puerto Rico, dedicated to provide dental services, and of which Dr. Córdova is a majority shareholder and under which he provides his services as a dentist.

7. Co-defendants, Companies A and B, are insurance companies which at the time the facts of this case took place had in full force and effect

insurance policies in favor of co-defendants, Dr. Córdova and Grupo Dental Córdova, C.S.P., under whose terms and conditions they are jointly and severally liable with their insured to plaintiffs for the facts and damages alleged herein. In the alternative, Companies A and B are legal entities that caused and/or contributed to cause the damages to plaintiffs.

8. Co-defendants, John Doe and Richard Roe are unknown defendants and/or dentists and/or technicians employed or contracted by Dr. Córdova who committed negligent acts or omissions that caused and/or contributed to cause plaintiffs' damages. In the alternative, they are third parties and/or defendants of unknown identities who caused and/or contributed to cause plaintiffs' damages.

9. All of the named defendants are jointly and severally responsible to plaintiffs for the damages caused to them. All defendants fictitiously named herein will be correctly named once their identities are determined.

THE FACTS

10. Mr. González-Gierbolini made an appointment with Dr. Córdova to fix an older silver filling dental repair in a left superior molar that had fell off.

11. On March 11, 2014, Mr. González-Gierbolini went to his visit with Dr. Córdova, who examined him and informed him that in addition to the older silver filling that had fell off, he also had a cavity in a right superior tooth. By this date, he was 37 years old.

12. Dr. Córdova proceeded to inject anesthesia and fix the left superior molar. Then he injected anesthesia with a needle in the right superior side to fix

the cavity in the right superior tooth. He fixed both the molar and the tooth and discharged the patient.

13. Shortly after leaving Dr. Córdova's office, Mr. González-Gierbolini stared feeling a very strong pain in his whole face.

14. The next day, this is March 12, 2014, Mr. González-Gierbolini started to feel a medicine taste in his mouth.

15. Then on March 13, 2014 his mouth felt numb and by next day, March 14, 2014, he had a serious facial paralysis in the whole right side of his face.

16. On that same day, March 14, 2014, his spouse, Ms. Sánchez-García, called the office of Dr. Córdova to inform the situation and seek assistance, and personnel of his office informed and insisted that the doctor said that that had nothing to do with the work done by him because he had not supposedly done any work at the right side of his mouth. The doctor said that it had to be an infection.

17. On March 14, 20114, immediately after calling the office of Dr. Córdova, Mr. González Gierbolini visited the Emergency Room of the Ashford Presbyterian Hospital in Condado, San Juan, Puerto Rico, where a physician made a diagnostic impression of Bell's Palsy, provided him with intravenous medications and discharged him home with a referral to an Ear, Nose and Throat (ENT) specialist.

18. Mr. González-Gierbolini made immediately an appointment with ENT specialist, Dr. Pablo López Báez, for March 19, 2014. Mr. González-Gierbolini visited him on that date. Dr. López Báez ruled out an infection, diagnosed a

4

frontal face paralysis, prescribed medications and referred him to a physical medicine specialist ("fisiatra") for physical therapies.

19. On March 31, 2014 Mr. González-Gierbolini visited physical medicine specialist, Dr. Luis A. Castro, who ordered a plan of ten (10) physical therapies. He received all the therapies sessions but with very little improvement.

20. He was also referred by his primary physician to a neurologist. Thus, on April 9, 2014, he visited neurologist, Dr. Irelis Ramírez Domenech, who ordered certain studies including a brain MRI.

21. After examining the results of the studies, neurologist, Dr. Ramírez Domenech, made a diagnosis of severe right facial palsy due to damage to the facial nerve secondary to dental procedure.

<u>LIABILITY</u>
<u>DENTAL MALPRACTICE CAUSE OF ACTION</u>

22. The allegations contained in the preceding paragraphs are adopted by reference as they may be applicable and as fully reproduced herein.

23. The exclusive and proximate cause of the damages claimed herein is the negligence and breach of duties of codefendant, Dr. Córdova, as extolled heretofore. If it not were for said negligence and breach of duties, plaintiffs' damages would not have occurred.

24. Codefendant, Dr. Córdova, was negligent and provided substandard dental treatment to Mr. González Gierbolini that caused to him the severe right facial palsy due to the damage to the facial nerve secondary to the dental procedure performed. The dental treatment that codefendant

5

provided to the patient fell well below the standards of dental attention that in view of the modern means of communication and according to the knowledge of science and the prevailing practice of dental medicine satisfies the requirements generally recognized by the dental profession, thus incurring in dental malpractice. Specifically, codefendant a) failed to correctly inject and infiltrate the anesthesia to the patient; b) failed to introduce or inject the needle for the anesthesia in the proper and correct area and in the correct and proper manner; c) failed to use the correct and proper equipment to inject and infiltrate the anesthesia; d) failed to inject the correct and proper dose of anesthesia; e) failed to correctly perform the repair of the cavity. Because of this negligence and dental malpractice, Dr. Córdova injured and permanently damaged the facial nerve which in turn caused the severe permanent right facial palsy.

25. Codefendant, Grupo Dental Córdova, C.S.P., is vicariously, jointly and severally responsible for the negligence of Dr. Córdova.

DAMAGES

26. The proximate and sole cause of plaintiffs' damages was the negligence, substandard dental treatment and dental malpractice of codefendant, Dr. Córdova. As a direct consequence of said negligence, substandard dental treatment and dental malpractice, Mr. González Gierbolini suffered a severe right facial palsy due to damage to the facial nerve. This facial palsy includes all the following damages. He has lost the asymmetry in his face. He has suffered and continuous to suffer tremendous constant chronic pain in his face. He cannot breathe through his right nostril. He cannot close his

6

right eyelid. For several weeks after suffering the injury, the right eye was continuously shedding tears. Then, because the eye cannot blink, it stopped lubricating itself and dried up the cornea and made it porous, which in turn has caused him blurred and double vision, thus losing part of his vision though his right eye. He has obliteration of the nasolabial fold and dropping of the corner of the mouth. He has a lot difficulty to maintain his mouth closed and slobbers involuntarily. His hearing capacity in the right ear has decreased. Sometimes the right ear starts pounding and the pain in said ear is agonizing. He has a flat and expressionless appearance. He has a lot of difficulty to sleep. He has undergone a lengthy medical treatment for all these conditions, including physical therapies in the face, with very poor results. These damages are permanent, thus he has suffered a permanent physical impairment of his general physiological functions.

27.   As a direct consequence of Dr. Córdova's negligent acts and/or omissions, Mr. González Gierbolini has also suffered profound mental anguish, anxiety, insomnia and a major severe depression for which he has received psychiatric treatment. Due to the major severe depression, he has lost a lot of weight.

28.   Mr. González Gierbolini's physical and emotional damages are valued in the sum of no less than two million dollars ($2,000,000.00), for which the defendants are jointly and severally liable.

29.   Mr. González Gierbolini was not able to work for a long time due to the physical and emotional damages suffered as a direct result of defendant's negligent acts and/or omissions. Thus, he suffered a loss of income estimated in

the amount of twenty five thousand dollars ($25,000.00) for which the defendants are jointly and severally liable.

30. As a direct consequence of defendant's negligent acts and/or omissions, Mr. González Gierbolini has incurred in medical expenses estimated in the amount of $2,000.00.

31. As a direct consequence of defendant's negligent acts and/or omissions, co-plaintiff, Ms. Sánchez García, has suffered a lot of emotional pain, mental suffering, profound mental anguish, anxiety and depression because of all the physical and emotional damages suffered by M. González Gierbolini. Her emotional damages are valued in a sum of no less than three hundred thousand dollars ($300,000.00), for which the defendants are jointly and severally liable.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of plaintiffs, ordering the defendants to pay the plaintiffs the sums prayed herein, with the imposition of costs, interests and a reasonable amount for attorney's fees.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 6th day of March, 2015.

s/José Miguel Náter
**JOSÉ MIGUEL NÁTER**
USDC/PR Bar No. 213712
Attorney for Plaintiff
PO Box 16751
San Juan, PR  00908-6751
Tel. (787) 721-8901
Fax (787) 721-8716
E-mail: jmnater@prtc.net

8